Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| SONIA RÍOS RIVERA<br><br>Peticionaria<br><br>V.<br><br>LOURDES GONZÁLEZ QUILES<br><br>Recurrida | KLCE202500113 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2019CV06500<br><br>Sobre: División de Herencia; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de marzo de 2025.

Comparece ante nos la Sra. Sonia Ríos Rivera ("señora Ríos Rivera" o "peticionaria") por conducto de su representación legal y nos solicita que revoquemos una *Resolución* emitida y notificada el 4 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] En el referido dictamen, el TPI denegó la solicitud de sentencia en rebeldía de la peticionaria.

Por los fundamentos que se exponen a continuación, se adelanta la denegatoria a la expedición del auto de *certiorari*.

**I.**

El caso ante nuestra consideración se instó el 5 de noviembre de 2019, cuando la señora Ríos Rivera presentó una *Demanda* de división de herencia y daños y perjuicios en contra de la Sra. Lourdes González Quiles ("señora González Quiles" o "recurrida").[2] La peticionaria alegó que la recurrida violó sus derechos como heredera universal pues no podía ejercer dominio sobre lo que por ley le

---

[1] Apéndice de *Certiorari*, Anejo 11, pág. 11.
[2] *Íd.*, Anejo 1, págs. 1-5.

correspondía. Por lo cual, solicitó -entre otros- al foro primario que ordenara a la recurrida entregar los bienes y derechos que le correspondían como heredera universal de su hijo, así como que los presentara para la realización del inventario. Reclamó, además, que se le pagaran $50,000.00 por los daños ocasionados al privarla de sus derechos.

La peticionaria presentó una *Moción informando cómputo del usufructo viudal y solicitud de vista de daños*, el 23 de marzo de 2021.[3] En la misma alegó que la recurrida es quien está en posesión de los bienes del caudal hereditario, por lo que a esta le corresponde entregarle su correspondiente participación.

Posteriormente, el 2 de mayo de 2023, se celebró la *Conferencia con antelación a* juicio.[4] Concluida la vista, el TPI emitió y notificó una orden, en la cual eliminó las alegaciones de la recurrida y le anotó la rebeldía. Lo anterior dado al reiterado incumplimiento de la peticionaria con las órdenes del tribunal.

Inconforme con la determinación del tribunal, el 12 de mayo de 2023, la recurrida sometió una *Solicitud de reconsideración* en la cual solicitó que se revocara la orden emitida el 2 de mayo de 2023. Su petición estuvo basada en que una sanción tan drástica como la eliminación de las alegaciones debe ser aplicada cuando otras sanciones resulten ineficaces.[5]

Por su parte, la peticionaria presentó su Oposición a la solicitud de reconsideración, el 22 de mayo de 2023, en la cual desglosó los incumplimientos de la recurrida ante las órdenes del tribunal. Razón por la cual, solicitó no se acogiera la solicitud de reconsideración.[6]

---

[3] *Íd.*, Anejo 3, pág. 9-18.
[4] Entrada Núm. 223 en el expediente digital del caso BY2019CV06500 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Entrada Núm. 226 en SUMAC.
[6] Entrada Núm. 227 en SUMAC.

Así las cosas, el TPI emitió una *Resolución* el 22 de septiembre de 2023.[7] En esta aclaró que, en efecto, la recurrida incumplió en reiteradas ocasiones con las órdenes emitidas, a pesar de severas sanciones e innumerables apercibimientos. Además, enfatizó que contrario a lo alegado por la recurrida, esta había sido apercibida de que se le eliminarían sus alegaciones, así como se le anotaría la rebeldía de continuar incumpliendo con las órdenes del Tribunal.

En atención a lo antes expuesto, el 25 de octubre de 2023, la recurrida presentó un recurso de *certiorari* ante este Tribunal. Atendido el asunto, el 27 de noviembre de 2023,[8] este Tribunal de Apelaciones emitió una *Resolución* en la cual denegó la expedición del auto de certiorari, por entender que no hubo error alguno que ameritara nuestra intervención.[9]

Luego de varios trámites procesales, el 21 de junio de 2024, la peticionaria sometió una *Moción en cumplimiento de orden presentando índice de prueba documental.*[10] El mismo contenía la prueba documental estipulada por las partes en el Informe de Conferencia con Antelación al Juicio.[11]

Más adelante, la peticionaria presentó, el 15 de agosto de 2024, una moción en *Solicitud de sentencia en rebeldía o por ausencia de controversia de hechos.*[12] En dicho escrito la peticionaria alegó que lo procedente en derecho era que el tribunal dictara sentencia sumaria dado la inexistencia de controversia de hechos y que se celebrara una vista con relación a la reclamación de daños.

Posterior a ello, el 3 de septiembre de 2024, la recurrida presentó su *Oposición a solicitud de sentencia en rebeldía o por*

---

[7] Notificada el 25 de septiembre de 2023. Apéndice de *Certiorari*, Anejo 5, págs. 28-37.
[8] Notificada el 1 de diciembre de 2023.
[9] Apéndice de *Certiorari*, Anejo 6, págs. 38-49.
[10] *Íd.*, Anejo 7, págs. 50-134.
[11] *Íd.*, Anejo 8, págs. 135-144.
[12] *Íd.*, Anejo 9, págs. 145-157.

*ausencia de controversia de hechos.*[13] Alegó que la peticionaria no puso al tribunal en condición para que se dictara una sentencia que pusiese fin al pleito.[14] Reiteró, además, que dictar sentencia en dichas circunstancias era contrario a la ley que rige los procesos de liquidación de comunidades hereditarias y de la sociedad de gananciales.[15] Por lo cual, solicitó no se dictara sentencia en rebeldía.

A la luz de lo anterior, el TPI emitió una *Resolución* el 4 de septiembre de 2024, en la cual no acogió la solicitud de sentencia en rebeldía solicitada por la peticionaria.[16]

En desacuerdo con la determinación del foro primario, el 11 de septiembre de 2024 la peticionaria sometió una *Solicitud de Reconsideración* en la cual solicitó que se acogiesen las estipulaciones de las partes y se dictara sentencia sumaria, celebrando solamente una vista con relación a la reclamación de daños.[17]

No obstante, el 11 de diciembre de 2024,[18] el tribunal emitió una *Resolución* en la cual declaró *No Ha Lugar* la solicitud de reconsideración presentada por la peticionaria. Explicó que la peticionaria falló en cumplir con la Regla 36 de Procedimiento Civil, al no presentar prueba alguna que demostrase la veracidad de las alegaciones. Por lo que esta no podía solicitar al tribunal resolver hechos probados, sin prueba que lo demostrara.

A esos efectos, la peticionaria presentó una solicitud de reconsideración el 26 de diciembre de 2024, en la cual solicitó se dictara sentencia sumaria y se celebrara una vista solamente con relación a la reclamación de daños.[19]

---

[13] *Íd.*, Anejo 10, págs. 158-167.
[14] *Íd.* pág. 160.
[15] *Íd.* pág. 164.
[16] *Íd.*, Anejo 11, pág. 168.
[17] *Íd.*, Anejo 12, págs. 169-183.
[18] Notificada el 12 de diciembre de 2024. Apéndice de *Certiorari*, Anejo 13, págs. 184-185.
[19] Apéndice de *Certiorari*, Anejo 14, págs. 186-189.

Consistente con su determinación previa, el 8 de enero de 2025,[20] el TPI emitió una *Resolución Interlocutoria* en la cual declaró *No Ha Lugar* la solicitud de reconsideración.[21]

Inconforme, el 5 de febrero de 2025, la señora Ríos Rivera presentó un recurso de *certiorari* ante esta Curia, en el que planteó que el TPI incidió al cometer los siguientes errores:

> *Erró el Tribunal de Primera Instancias al declarar No Ha Lugar la "Solicitud de Sentencia en Rebeldía o por Ausencia de Controversia de Hechos," basada en los hechos y prueba documental estipulada por las partes en el Informe de Conferencia Con Antelación a Juicio, firmado por las representaciones legales de las partes, el cual contiene estipulaciones que obliga a las partes y al T.P.I., y que constituye además un documento que contiene admisiones de las partes que las obligan conforme a las Reglas de Evidencia.*
>
> *Determinación del T.P.I. que es contraria a derecho debido a que:*
>
> *(1) No cumple con la normativa que regula la sentencia sumaria.*
>
> *(2) No cumple con la normativa que regula el efecto de las estipulaciones entre las partes, pues hizo caso omiso a las estipulaciones de las partes, las cuales obligan a las partes y al tribunal.*
>
> *(3) No cumple con la normativa que establece que las estipulaciones tienen el efecto de relevar a las partes de probar los hechos estipulados; porque sustituye la prueba que se presentaría en la vista del caso y la cual una vez estipulados, las partes no pueden impugnarlo posteriormente.*
>
> *(4) No cumple con el mandato de la Reglas 803 de Evidencia de Puerto Rico, relacionada con las admisiones.*
>
> *(5) No cumple con el requerimiento de la Regla 36.4 de Procedimiento Civil, la cual dispone que si "no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no están en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad."*
>
> *(6) No cumple por no estar basada en el expediente, puesto que no tomó en consideración los documentos que obran en SUMAC.* (Énfasis omitido).

En esencia, la peticionaria solicitó que revoquemos la *Resolución* del TPI en la cual denegó la *Solicitud de sentencia en rebeldía o por ausencia de controversia de hechos.*

Asimismo, el 4 de marzo de 2025, la señora González Quiles sometió su *Oposición a la expedición del auto de Certiorari.* Esta

---

[20] Notificada el 9 de enero de 2025.
[21] Apéndice de *Certiorari*, Anejo 15, pág. 190.

argumentó que la peticionaria no puso al tribunal en posición de tomar una determinación, por lo cual no procede que se dicte sentencia sumaria. Adujo, además, que la peticionaria no cumplió con los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones. Razón por la cual, solicitó que se desestime el recurso de certiorari.

**II.**

**A. *Certiorari***

El *certiorari* es el vehículo procesal que permite que un tribunal de mayor jerarquía revise las determinaciones de un tribunal inferior. *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *McNeill Healthcare LLC v. Municipio De Las Piedras*, 206 DPR 391, 404 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Mediante este recurso extraordinario se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra,* pág. 847. Contrario al recurso de apelación, el Tribunal de Apelaciones posee la facultad discrecional de expedir o denegar el recurso de *certiorari* toda vez que, de ordinario, se tratan de asuntos interlocutorios. *Íd.*

La Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1, dispone taxativamente las instancias en las que este Tribunal ostenta autoridad para expedir el auto de *certiorari* sobre un asunto interlocutorio civil. *McNeill Healthcare LLC v. Municipio De Las Piedras, supra; Scotiabank de Puerto Rico v. ZAF Corporation, et als.,* 202 DPR 478 (2019). En lo pertinente, si el asunto interlocutorio planteado no se encuentra dentro de las instancias que el ordenamiento jurídico otorga autoridad para intervenir, no se puede

atender la controversia. La referida Regla dispone que el foro apelativo intermedio solamente expedirá un recurso de *certiorari* relacionado a una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, *supra*, o a la denegación de una moción de carácter dispositivo. Véase Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1. A su vez, a modo de excepción, este tribunal podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, anotaciones de rebeldía, asuntos relativos a relaciones de familia, casos de interés público o cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

El propósito de esta Regla es evitar la dilación que causaría la revisión judicial de las controversias que podrían ser planteadas en un recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corporation, et als.*, *supra*, pág. 486; *800 Ponce de León v. AIG*, *supra*, pág. 175; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593-594 (2011). Ahora bien, "el hecho de que un asunto esté comprendido dentro de las materias susceptibles a revisión no justifica la expedición del auto sin más". *Medina Nazario v. McNeill Healthcare LLC, supra.*

Por otro lado, la Regla 40 del *Reglamento del Tribunal de Apelaciones*, *supra*, R. 40, establece los criterios que debemos considerar en el ejercicio discrecional de atender una petición de *certiorari*. A saber, este Tribunal debe considerar:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
>
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
>
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

En la eventualidad que se deniegue la expedición del auto de *certiorari,* no será necesario exponer las razones para tal determinación. *Rivera Figueroa v. Joe's European Shop, supra,* pág. 594; *IG Builders et al. v. BBVAPR, supra,* pág. 336. En tal circunstancia, este Tribunal no asume jurisdicción sobre el asunto planteado ni dispone del mismo en sus méritos. *Torres González v. Zaragoza Meléndez, supra,* pág. 848; *McNeill Healthcare LLC v. Municipio De Las Piedras, supra,* pág. 405.

### B. *Sentencia Sumaria*

La sentencia sumaria es un mecanismo procesal que permite que un caso se disponga ágilmente, sin la celebración de un juicio, siempre que no se presenten controversias genuinas de hechos materiales. *Cruz, López v. Casa Bella y otros,* 213 DPR 980, 993 (2024); *Birriel Colón v. Econo y otro,* 213 DPR 80, 90 (2023); *Segarra Rivera v. Int'l. Shipping et al.,* 208 DPR 964, 979 (2022); *SLG Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310, 334 (2021). A esos efectos, un hecho material es uno esencial y pertinente, que puede afectar el resultado de la reclamación conforme al derecho sustantivo aplicable. *Cruz, López v. Casa Bella y otros, supra*; *Banco Popular v. Posada,* 2024 TSPR 62, 213 DPR ___ (2024); *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010); véase, además, Regla 36.1 de Procedimiento Civil, *supra,* R. 36.1. La controversia sobre el hecho material debe ser real. *Ramos Pérez v. Univisión, supra.* En otras

palabras, la controversia debe ser de calidad suficiente para que sea necesario que el juzgador la dirima mediante un juicio plenario. *Íd.*

Cónsono con lo anterior, la Regla 36.3(e) de Procedimiento Civil, *supra*, R. 36.3 (e), establece que procede dictar una moción de sentencia sumaria si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas u otra evidencia demuestran que no existe una controversia real sustancial en torno a un hecho esencial y pertinente. Véase, además, *Birriel Colón v. Econo y otro, supra*; *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013).

Ahora bien, no es aconsejable dictar sentencia sumaria cuando existe controversia sobre asuntos de credibilidad o sobre aspectos subjetivos como la intención, el propósito mental o la negligencia. *Cruz, López v. Casa Bella y otros, supra*; *Aponte Valentín et al. v. Pfizer Pharm.*, 208 DPR 263, 278 (2021). En este sentido, "[l]os tribunales, al examinar una moción de sentencia sumaria y declararla no procedente por alegadamente contener elementos subjetivos o de credibilidad, deben asegurarse que estos elementos sean un ingrediente esencial en la resolución de la controversia ante su consideración". *Carpets & Rugs v. Tropical Reps*, 175 DPR 615, 638 (2009). Empero, aun cuando se deben evaluar los elementos subjetivos o de intención, no se impide la utilización de la sentencia sumaria si de los documentos se desprende la inexistencia de una controversia real y sustancial sobre los hechos materiales. *Ramos Pérez v. Univisión, supra*, pág. 219; *Birriel Colón v. Econo y otro, supra*, pág. 91. Véase también Regla 36.3 (e) de Procedimiento Civil, *supra*, R. 36.3 (e). Así pues, procede dictar sentencia sumaria cuando el juzgador está claramente convencido de que tiene ante sí todos los hechos materiales de forma no controvertida y es innecesario celebrar una vista en los méritos. *Birriel Colón v. Econo y otro, supra*.

La parte que se opone a la solicitud de sentencia sumaria debe refutar los hechos materiales con evidencia sustancial. *SLG Fernández-Bernal v. RAD-MAN et al., supra*, págs. 336-337. Ahora bien, si la petición de sentencia sumaria está sustentada con declaraciones juradas u otra prueba, la parte que se opone no puede descansar en meras alegaciones, sino que debe contestar de una forma tan detallada y específica como lo haya hecho la parte promovente. *Birriel Colón v. Econo y otro, supra*; *Ramos Pérez v. Univisión, supra*, pág. 215; Regla 36.3 (c) de Procedimiento Civil, *supra*, R. 36.3 (c). Sin embargo, la ausencia de prueba para refutar la evidencia presentada no conduce a la concesión automática de una moción de sentencia sumaria. *Birriel Colón v. Econo y otro, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra*, pág. 337.

En *Meléndez González et al. v. M. Cuebas, supra*, el Tribunal Supremo estableció la normativa que este Tribunal de Apelaciones debe observar al revisar las concesiones o denegatorias de una solicitud de sentencia sumaria.

En primer lugar, este Tribunal se encuentra en la misma posición que el Foro Primario al revisar una solicitud de sentencia sumaria, por lo que está llamado a realizar una revisión *de novo*, conforme con la Regla 36 de Procedimiento Civil, *supra*, R. 36. En tal ejercicio, no se puede considerar evidencia que no se presentó ante el Foro *a quo*, y se debe examinar el expediente de la forma más favorable hacia la parte opositora de la moción de sentencia sumaria. *Meléndez González et al. v. M. Cuebas, supra*, pág. 116.

En segundo lugar, el Tribunal de Apelaciones debe revisar que tanto la petición de sentencia sumaria como su oposición cumplan con los requisitos de la Regla 36 de Procedimiento Civil, *supra*, R. 36 y los criterios discutidos en los casos *SLG Zapata- Rivera v. J.F. Montalvo, supra* y *Meléndez González et al. v. M. Cuebas, supra*.

En tercer lugar, el Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. *Íd.* De haberlos, se debe exponer los hechos materiales en controversia y los incontrovertidos, a tenor con la Regla 36.4 de Procedimiento Civil, *supra*, R. 36.4. Véase *Meléndez González et al. v. M. Cuebas, supra.*

En cuarto lugar, si el Tribunal de Apelaciones determina que no existen hechos materiales en controversia, procederá a revisar si el Foro Primario aplicó correctamente el derecho. *Íd.*, pág. 119.

## C. *Rebeldía*

La rebeldía es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011). El mecanismo de la rebeldía tiene como propósito principal desalentar el uso de la dilación de los procedimientos como una estrategia de litigación. *Id.* La Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V R. 45.1, contiene las disposiciones relacionadas con la anotación de rebeldía. La citada Regla provee lo siguiente:

> *Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el secretario anotará su rebeldía.*
>
> *El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3 (b)(3).*
>
> *Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b).*
>
> *La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.*

De conformidad con las disposiciones contenidas en la Regla 45.1, *supra,* la anotación de rebeldía es un mecanismo útil para los tribunales en varias instancias. La más común de ellas se suscita cuando una parte no comparece al proceso luego de haber sido

emplazada de manera adecuada. *Bco. Popular v. Andino Solís*, 192 DPR 172 (2015). Si bien es cierto que un demandado tiene el derecho de actuar de esta manera, el mecanismo de la anotación en rebeldía permite que el ejercicio de su prerrogativa no dilate el litigio en su contra y constituye una renuncia a la realización de ciertos actos procesales, en perjuicio de sus propios intereses. *Rivera Figueroa v. Joe's European Shop, supra.*

Además, procede la anotación de rebeldía cuando el demandado no cumple con el requisito de comparecer a contestar la demanda u ofrecer una defensa a su favor, por lo que este no presenta alegación alguna contra las alegaciones hechas por el demandante o contra el remedio solicitado por este. *Íd.* Entonces, tanto el demandante, mediando solicitud, como el TPI, *motu proprio*, puede declarar a la parte en rebeldía. *Bco. Popular v. Andino Solís, supra.* Básicamente**, una anotación en rebeldía tiene la consecuencia de que se dan por admitidos todos los hechos bien alegados en la demanda.** Además, tiene el efecto de autorizar al TPI para que dicte sentencia, si es eso lo procedente como cuestión de derecho. *Rivera Figueroa v. Joe's European Shop, supra.*

Por otra parte, la Regla 45.2 de Procedimiento Civil, 32 LPRA Ap. V R. 45.2, establece los casos en los que podrá dictarse sentencia en rebeldía. Dispone la Regla 45.2(a), *supra*, que el tribunal podrá así actuar cuando la reclamación del demandante contra el demandado sea por una suma líquida o por una suma que pueda liquidarse mediante cómputo, siempre y cuando no se trate de un menor o de una persona incapacitada. Lo anterior, a menos que estos estén representados por el padre, madre, tutor o defensor judicial u otro representante que haya comparecido en el pleito. Ahora bien, si para que se dicte la sentencia en rebeldía se hace necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración

mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar el asunto a un comisionado o comisionada. Regla 45.2(b) de Procedimiento Civil, *supra.*

Es menester recalcar que la Regla 45 de Procedimiento Civil, 32 LPRA Ap. V R. 45, no tiene como propósito otorgarle una ventaja a los demandantes al dictar una sentencia a su favor sin que se celebre una vista en los méritos, sino que, como hemos mencionado, es una norma procesal que, como remedio coercitivo, pretende evitar las dilaciones innecesarias en el curso de los procesos judiciales. *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93 (2002). Finalmente, la anotación de rebeldía o el dictar sentencia en rebeldía contra una parte como sanción por su incumplimiento con una orden del tribunal siempre debe darse dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción. *Díaz v. Tribunal Superior*, 93 DPR 79 (1966).

### D. *Conferencia con antelación al juicio*

Nuestras normas procesales promueven que las partes planifiquen y diseñen el manejo del tiempo para así garantizar la eficiencia del descubrimiento de prueba. En este sentido, la Regla 37 de Procedimiento Civil, 32 LPRA Ap. V. R. 37, regula todo lo relacionado al manejo del caso. Esta etapa de los procedimientos judiciales está compuesta por la preparación del Informe de Manejo del Caso, la Conferencia Inicial, la Orden de Calendarización, la elaboración del Informe Preliminar entre Abogados en preparación para la Conferencia con Antelación al Juicio, la Conferencia con Antelación al Juicio y la Vista Transaccional; todos procedimientos anteriores al juicio. Véanse: Reglas 37.1-37.6 de Procedimiento Civil de 2009, *supra.* Una lectura de dichas disposiciones evidencia el claro propósito de que el foro primario tome un rol más activo en los

procesos judiciales y acelerar, a su vez, la resolución de los casos. Véase, *PV Properties v. El Jibarito et al.*, 199 DPR 603 (2018).

A esos efectos, la Regla 37.5 de Procedimiento Civil, 32 LPRA Ap. V. R. 37.5 establece todo lo relacionado a la conferencia con antelación al juicio. Según la referida Regla, en la conferencia se discutirán los asuntos especificados en el Informe preliminar entre abogados; la transacción del litigio; la adjudicación de todas las controversias pendientes que surjan del Informe, incluso la admisibilidad de la prueba; y se establecerá el plan para la celebración del juicio. Véase, Regla 37.5 de Procedimiento Civil, *supra*. Además, la antes mencionada Regla estipula en su último párrafo que el tribunal deberá emitir una orden en la cual se exprese lo acordado por las partes. En específico esta dispone que:

> *El tribunal dictará una orden en que expondrá lo acordado y dispuesto en la conferencia, las enmiendas que se hayan permitido a las alegaciones y **las estipulaciones de las partes en relación con cualquiera de los asuntos considerados y que limiten las cuestiones litigiosas que se considerarán en el juicio a aquellas no resueltas mediante admisiones o estipulaciones de los abogados o de las abogadas.** Dicha orden, una vez dictada, gobernará el curso subsiguiente del pleito, a menos que sea modificada en el juicio para impedir manifiesta injusticia.* (Énfasis nuestro).

Dicha determinación del tribunal sentenciador debe ser respetada en apelación, salvo que se demuestre abuso de discreción. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2nd ed., Publicaciones JTS, 2011, T. III, págs. 1116 y 1117. No obstante, "[e]l juez, so pretexto de ejercer su discreción, no puede olvidarse de, ni relegar a un segundo plano, los mandatos y dictados de nuestra Constitución y los de las leyes, pertinentes a la cuestión en controversia [...]." Pueblo v. Ortega Santiago, 125 DPR 203, 214 (1990). Es decir, los tribunales están impedidos "[d]e obviar los mandatos claros y específicos de una ley cuando la misma es constitucionalmente válida." *Íd.* Por lo que, en ausencia de una orden en la que el tribunal de instancia reúna las alegaciones y

estipulaciones de las partes, este tribunal de apelaciones no estaría en posición de intervenir.

**III.**

En el presente caso, la peticionaria planteó que el TPI erró al denegar su solicitud de sentencia en rebeldía o por ausencia de controversia de hechos. Esto, por entender que en el informe de conferencia con antelación al juicio se habían estipulado todos los hechos y prueba documental del caso.

Como cuestión de umbral, nos corresponde revisar si el TPI incidió al denegar la solicitud de sentencia en rebeldía. De un análisis de los autos, y conforme los criterios esbozados de la Regla 37.5 de Procedimiento Civil, *supra*, R. 37.5, es necesario que el tribunal dicte una orden en la cual se establezca lo acordado y dispuesto en la conferencia con antelación al juicio, así como las enmiendas a las alegaciones y estipulaciones de las partes. No surge del expediente dicha determinación por parte del tribunal, por lo que consideramos que no cabe hablar de unas estipulaciones que obliguen al foro. Tampoco, por las razones expuestas previamente, procedía considerar dichas propuestas de estipulación, como suficientes para dictar una sentencia sumaria al amparo de lo dispuesto en la Regla 36 de Procedimiento Civil.

Por lo que, tras una sosegada evaluación de la totalidad del expediente ante nuestra consideración y a la luz de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* R. 40, resolvemos que debemos abstenernos de ejercer nuestra función revisora. No atisbamos error alguno que amerite nuestra intervención, puesto que el TPI no incurrió en error, equivocación, ni en un craso abuso de su discreción en la aplicación del derecho.

En consecuencia, declinamos expedir el auto solicitado.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari* solicitado por la señora Ríos Rivera.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones